UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DIVERSIFIED PROPERTIES LLC,

    Plaintiff,

v.                                         Case No: 8:17-cv-805-T-36TGW

CRYSTAL CASTLEBERRY,

    Defendant.
_____/

## **ORDER**

This matter comes before the Court upon the Plaintiff's Motion to Remand to State Court (Doc. 9), filed on April 26, 2017. In the motion, Plaintiff states that the Court lacks subject matter jurisdiction over the case because the Defendant has not demonstrated that the parties are diverse or that a federal question is at issue. Defendant did not file a response to the Motion within the time allotted. The Court entered an Order to Show Cause directing her to file a response, or risk having the Motion deemed unopposed. Doc. 10. As of the date of this Order, no response has been filed. Because the Complaint is a straightforward eviction action seeking removal of the tenant and recovery of past due rent, and does not allege any cause of action that arises under federal law, the Court must remand the case back to state court. The Court, having considered the motion and being fully advised in the premises, will grant Plaintiff's Motion to Remand to State Court.

    **I.**    **FACTUAL BACKGROUND**

On March 29, 2017, Plaintiff, Diversified Properties LLC, ("Diversified") filed a complaint for tenant eviction from a residential property and recovery of past due rent in the County Court in and for Hillsborough County, Florida, against Defendant Crystal Castleberry. Doc. 2. The

Complaint alleges that Castleberry's rent is past due; it demands eviction and damages in the amount of $2,600. *Id*. at ¶¶ 1, 9.

Castleberry's "Answer and Counterclaim," which she filed in state court *pro se*, alleges that she paid the rent for February 2017, but not the late fees or the rent for March 2017. Doc. 3 at 1. She alleges that there are several issues regarding the air conditioning in the apartment, which has left it either too cold or too hot. *Id*. And she claims that the rent office misplaced a $400 money order, for which she has not received any credit. *Id*. She does not explicitly mention any statute or law upon which she relies as a defense to the action.

## II. LEGAL STANDARD

Federal court removal is governed by 28 U.S.C. § 1441, which provides in part that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." *Id*. at § 1441(a). Federal district courts are courts of limited jurisdiction. *See Morrison v. Allstate Indem. Co*., 228 F.3d 1255, 1260–61 (11th Cir. 2000). Under Federal Rule of Civil Procedure 12(b)(1), an action must be dismissed if the Court lacks subject matter jurisdiction. *See id*. at 1261. Parties seeking to invoke subject matter jurisdiction must show that the underlying claim is based upon either diversity jurisdiction (cases in which the parties are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs"), or the existence of a federal question (i.e., "a civil action arising under the Constitution, laws, or treaties of the United States"). *See* 28 U.S.C. §§ 1331–1332.

Procedurally, removal is governed by 28 U.S.C. § 1446, which provides:

> 1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1).

Removal jurisdiction is construed narrowly with all doubts resolved in favor of remand. *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999); *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998). "A removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319–20 (11th Cir. 2001)). In assessing whether removal is proper, the district court considers "only the limited universe of evidence available when the motion to remand is filed - i.e., the notice of removal and accompanying documents. If that evidence is insufficient to establish that removal was proper or that jurisdiction was present, neither the defendants nor the court may speculate in an attempt to make up for the notice's failings." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213-15 (11th Cir. 2007), *cert. denied*, 553 U.S. 1080, 128 S.Ct. 2877, 171 L.Ed.2d 812 (2008).

Where the alleged basis for federal jurisdiction is a federal question under 42 U.S.C. § 1331, as it is in this case, the removing defendant has the burden of demonstrating the action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The federal question at issue "must appear on the face of the plaintiff's well-pleaded complaint." *Cmty. State Bank v. Strong*, 651 F.3d 1241, 1251 (11th Cir. 2011). When only state-law claims are asserted in a complaint, a claim "aris[es] under" federal law if a federal issue is: "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in the federal court

3

without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251 (2013).

### III. DISCUSSION

#### a. The Notice of Removal

Castleberry, proceeding *pro se*[1], filed a Notice of Removal alleging that Diversified's Complaint, although sounding in state law, actually raises a federal question because it "intentionally fails to allege compliance with the Civil Rights Act of 1968" and the property has "multiple habitability issues including the AC and Heater that does [sic] not work right…." Doc. 1 at ¶¶ 5, 6. She cites *Grable & Sons Metal Prds. v. Darue Engr, & Mfg*, 545 U.S. 308, 313-315 (2005) for the proposition that even if a case only alleges state law claims, "the District Court has subject matter jurisdiction over the case if: 1) the federal issues are essential to the claims, 2) there is a substantial federal issue[] in resolving such issues, and 3) a Federal forum may entertain the State law claims without disturbing the balance of Federal and State judicial responsibilities." Doc. 1 at ¶ 8. She alleges that she is a member of a class protected by the Civil Rights Act of 1968. *Id.* at ¶ 10. Castleberry also quotes several federal cases regarding bringing a private right of action.[2] *Id.* at ¶ 9.

#### b. Allegations regarding federal question jurisdiction

"A civil action filed in a state court may be removed to federal court if the claim is one 'arising under' federal law." *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 6 (2003). To determine

---

[1] Because Castleberry proceeds *pro se*, the Court will construe her pleadings liberally and will hold the pleadings to a "less stringent standard" than that of a licensed attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[2] Castleberry cites *Merril Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 817 (1986); *Diaz v. Davis*, (*In Re Digimarc Corporation Derivative Litigation*), 549 F. 3d 1223, 1229-30 (9th Cir. 2008); *Lamie v. United States Trustee*, 540 U.S. 526, 534 (2004); and *First Pacific Bancorp, Inc. v. Helfer*, 224 F. 3d 1117, 1123, 1125-26 (9th Cir. 2000). Doc. 1 at ¶ 9.

whether the claim arises under federal law, the Court examines "the 'well pleaded' allegations of the complaint and ignores potential defenses: [a] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." *Id*. This legal proposition is known as the "well-pleaded complaint" rule. *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 9-10 (1983).

Even if a complaint raises a potential defense involving federal law, the cause of action does not necessarily arise under federal law. So, for example, the following are insufficient to allege a basis for removal based on federal question jurisdiction: a plaintiff alleging an anticipated defense to his cause of action and asserting that the defense is invalidated by a provision of the Constitution of the United States, a defense that relies on the preclusive effect of a prior federal judgment, and a defense that relies on the pre-emptive effect of a federal statute. *Anderson*, 539 U.S. at 6 (citing *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152, (1908); *Rivet v. Regions Bank of La.*, 522 U.S. 470 (1998); *Franchise Tax Bd. of Cal.*, 463 U.S. 1)).

There is an exception to the well-pleaded complaint rule. "[W]hen a federal statute wholly displaces the state-law cause of action through complete pre-emption," the state claim can be removed. *Anderson*, 539 U.S. at 8. This is so because "[w]hen the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Id*.

An "independent corollary" to this rule is that "a plaintiff may not defeat removal by omitting to plead necessary federal questions." *Rivet*, 522 U.S. at 475. Therefore, if a court concludes that a plaintiff has "artfully pleaded" claims this way, it may uphold removal even though no federal question appears on the face of the plaintiff's complaint. *Id*. Stated differently,

5

"[t]he artful pleading doctrine allows removal where federal law completely preempts a plaintiff's state-law claim." *Id*.

### c. This Court lacks subject matter jurisdiction

The Notice of Removal is timely as it was filed within thirty days of the filing of the Complaint. *See* 28 U.S.C. § 1446(b). But Castleberry did not identify the specific provision of the Civil Rights Act of 1968 upon which she relies. She merely argues that Plaintiff has "artfully pled" the eviction cause of action in such a way to avoid pleading compliance with the Civil Rights Act of 1968. And Castleberry did not identify any other federal statute or case law that preempts Diversified's causes of action. The Court presumes, based on Castleberry's allegations in the Notice of Removal and her Answer and Counterclaim, that she bases her claim on Title VII of the Civil Rights Act of 1968, commonly known as the Fair Housing Act ("FHA")[3], 42 U.S.C. § 3601. *et seq*. She makes claims that appear to relate to Housing and Urban Development ("HUD")[4] regulations regarding habitability of property.

Castleberry's arguments, construed liberally, do not establish federal question jurisdiction. In fact, various district courts have concluded that they lacked subject matter jurisdiction in eviction cases such as this one. *See, e.g., Summerhill Partners, LLC v. Grimes*,

---

[3] The FHA forbids "discriminat[ing] against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race...." 42 U.S.C. § 3604(b). It also makes it unlawful for "any person or other entity whose business includes engaging in residential real estate-related transactions to discriminate against any person in making available such a transaction, or in the terms or conditions of such a transaction, because of race...." *Id*. at § 3605(a). The statute allows any "aggrieved person" to file a civil action seeking damages for a violation of the statute. *Id*. at §§ 3613(a)(1)(A), 3613(c)(1). And it defines an "aggrieved person" to include "any person who ... claims to have been injured by a discriminatory housing practice." *Id*. at § 3602(i).

[4] The Secretary of Housing and Urban Development is charged with administering the FHA. 42 U.S.C. § 3608.

617CV288ORL37GJK, 2017 WL 991478, at *1 (M.D. Fla. Mar. 15, 2017). In *Grimes*, a case substantially similar to this one, the defendants alleged that "1) the Eviction Complaint 'intentionally fail[ed] to allege compliance with the Civil Rights Act of 1968'; (2) … [the property had] multiple habitability issues; and (3) the State Action involve[d] issues of discrimination." *Id*. at *1. The court adopted the magistrate judge's report and recommendation which found that no federal question existed on the face of the complaint and remanded the action to state court.[5]

In *Allen v. Bank of Am., N.A.*, 5 F. Supp. 3d 819 (N.D. Tex. 2014); the court held that it lacked subject matter jurisdiction when the mortgagor removed his state court action against a bank seeking specific performance for the bank's alleged breach of deed of trust. He alleged that the deed of trust was governed by federal law and regulations of the FHA. *Id*. at 833. The Court concluded that the performance claim was grounded in the deed of trust, and if the district court retained jurisdiction over the foreclosure-related case, it would have disturbed the balance of federal and state judicial responsibilities. *Id. See also Four Aces Mobile Home Estates v. Lundahl*, 35 F. Supp. 2d 1337, 1340 (D. Utah 1998), *aff'd*, 166 F.3d 347 (10th Cir. 1998) (holding that federal question jurisdiction was lacking over action for eviction of residents from mobile home, notwithstanding one resident's claim, offered in support of removal jurisdiction, that her state court answer raised numerous federal questions as affirmative defenses).

In *Rogers v. Rucker*, 835 F. Supp. 1410 (N.D. Ga. 1993), the defendant tenant removed the case to federal court asserting that federal question jurisdiction existed due to her counterclaim which alleged violations of the FHA and the Civil Rights Act of 1866, 42 U.S.C. § 1982. *Id*. at 1411. The state court eviction action sought collection of past-due rent, late fees, and

---

[5] *Compare Sofarelli v. Pinellas County*, 931 F.2d 718 (11th Cir. 1991) (examining defendant's removal based on his counterclaim and concluding that the case was properly removed under Section 1443(1) as the claims asserted racial discrimination in violation of the FHA).

dispossession. *Id.* at 1412. The court held that "[a]bsent specific factual allegations establishing that the plaintiff's motive in bringing this action was to deter the defendant from engaging in protected activity and that the plaintiff's action 'has the effect of coercing, intimidating, threatening and otherwise interfering' with the defendant's rights, the defendant has failed to meet her burden of proving that removal was proper." *Id. See also Robinson v. Eichler*, 795 F. Supp. 1253 (D. Conn. 1992) (holding that the FHA did not have so strong a preemptive effect that it displaced local zoning ordinances such that suit brought pursuant to such an ordinance was necessarily federal and thus subject to removal to federal court). As with the above-cited cases, Castleberry has not established that the Complaint alleges a cause of action that arises under federal law.

To the extent that Castleberry relies on the artful pleading doctrine, the doctrine assumes that the plaintiff could originally have filed suit in federal court, if not for the "artful" avoidance of an allegation of a claim arising under federal law. *See Merrell Dow Pharms., Inc.*, 478 U.S. at 808. In this case, however, Castleberry makes no showing that Diversified could have initially filed its claim in federal court.

Absent federal question jurisdiction presented on the face of plaintiff's properly pleaded complaint, the only basis for the removal of a state court action to federal court is diversity jurisdiction. *See Lindley v. F.D.I.C.*, 733 F.3d 1043 (11th Cir. 2013), *aff'd sub nom. Lokey v. F.D.I.C.*, 608 Fed. Appx. 736 (11th Cir. 2015). Although Castleberry has not alleged subject matter jurisdiction based on diversity, the Court notes that the Complaint alleges that both parties are Florida residents. Doc. 2. Therefore, complete diversity does not exist. *See* 28 U.S.C. § 1332(a). And where the Defendant is a Florida resident, the case cannot be removed to federal court in Florida based on diversity. *See North v. Precision Airmotive Corp.*, 600 F. Supp. 2d 1263, 1267 (M.D. Fla. 2009) ("Pursuant to 28 U.S.C. § 1441(b), actions founded upon diversity 'shall be

8

removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.' ").

#### d. Diversified's request for attorneys' fees and costs

In its motion, Diversified requests an award of attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c), which provides in part that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." This Court may award attorneys' fees under the attorney fee provision of the removal statute only where the removing party lacked an objectively reasonable basis for seeking removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." *Id*.

The Eleventh Circuit has noted that the reasonableness standard enunciated by the Supreme Court was meant to balance " 'the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.' " *Bauknight v. Monroe County, Fla.*, 446 F.3d 1327, 1329 (11th Cir. 2006) (quoting *Martin*, 546 U.S. at 140). Therefore, "there is no indication that a trial court should ordinarily grant an award of attorney's fees whenever an effort to remove fails." *Kennedy v. Health Options, Inc.*, 329 F.Supp. 2d 1314, 1319 (S.D. Fla. 2004).

In this case, because Castleberry is *pro se*, the Court holds her pleadings to a less stringent standard. Although, there is no "bright line rule" as to the definition of "objectively reasonable," courts that have applied the *Martin* standard typically focus upon whether the removing party has offered a credible reason for removal, even if it later becomes clear that the removing party was

9

wrong on the facts or the law. In this case, it turns out that Castleberry was wrong on the law. She may not have been aware that the mere mention of a federal statute is insufficient to establish federal question jurisdiction. And Plaintiff's motion lacks a notice of compliance with Local Rule 3.01(g)[6]. In light of these circumstances, the Court will deny the request for attorneys' fees and costs.

## IV.   CONCLUSION

This case is a straightforward action to evict Castleberry for the failure to pay rent; the eviction process is governed by state law, and no federal question exists on the face of the Complaint. Castleberry has not met her burden to demonstrate subject matter jurisdiction. Therefore, the Court will grant Plaintiff's motion and remand this case to state court.

Accordingly, it is

**ORDERED**:

1.   Plaintiff's Motion to Remand to State Court (Doc. 9) is **GRANTED-in-PART and DENIED-in-PART**.

2.   This case is **REMANDED** to the Thirteenth Judicial Circuit in and for Hillsborough County, Florida.

3.   The Clerk is directed to send a certified copy of this Order to the Clerk of Court for the Thirteenth Judicial Circuit in and for Hillsborough County, Florida.

---

[6] Local Rule 3.01(g) states in part "before filing any motion in a civil case, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, or to involuntarily dismiss an action, the moving party shall confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement (1) certifying that the moving counsel has conferred with opposing counsel and (2) stating whether counsel agree on the resolution of the motion."

4. Plaintiff's request for an award of attorneys' fees and costs is **DENIED**.

5. All pending motions are **DENIED** as moot.

6. The Clerk is directed to terminate all pending deadlines and **CLOSE** this case.

**DONE AND ORDERED** in Tampa, Florida on July 5, 2017.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any